UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILLENNIUM PIPELINE COMPANY, L.L.C.,

*Plaintiff*,

-vs-

CERTAIN TEMPORARY EASEMENTS IN 322 SLEEPY VALLEY ROAD, TOWN OF WARWICK, ORANGE COUNTY, NEW YORK, S.B.L. No. 31-1-17, BREAKAWAY TRAILS, INC., John Doe, et al., and Unknown Owners,

And

CERTAIN PERMANENT AND TEMPORARY EASEMENTS IN (NO NUMBER) DISTILLERY ROAD, TOWN OF WARWICK, ORANGE COUNTY, NEW YORK, S.B.L. No. 29-1-21, GEORGE BURKERT AND ANNA BURKERT, John Doe, et al., and Unknown Owners,

And

CERTAIN PERMANENT AND TEMPORARY EASEMENTS IN (NO NUMBER) ROUTE 42, TOWN OF FORESTBURG, SULLIVAN COUNTY, NEW YORK, S.B.L. No. 39-1-11, ADELIA M. MASTERS, John Doe, et al., and Unknown Owners,

And

CERTAIN PERMANENT AND TEMPORARY EASEMENTS IN 65 LIBERTY CORNERS ROAD, a/k/a 61 LIBERTY CORNERS ROAD, TOWN OF WARWICK, ORANGE COUNTY, NEW YORK, S.B.L. No. 11-1-21.2, DOUGLAS A. PATZELT AND LAUREN PATZELT, John Doe, et al., and Unknown Owners,

And

AFFIDAVIT OF DARRYL J. COLOSI IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMARY INJUNCTION

Civil Action No.
07-CIV-5815

CERTAIN PERMANENT AND TEMPORARY
EASEMENTS IN (No Number) Route 17A, TOWN
OF TUXEDO, ORANGE COUNTY, NEW YORK,
S.B.L. No. 1-1-34.2, SWISS NORTH AMERICAN
PROPERTIES - USA, LLC, John Doe, et al., and
Unknown Owners,

         *Defendants.*

STATE OF NEW YORK )
         ) SS:
COUNTY OF ERIE   )

  **DARRYL J. COLOSI**, being duly sworn, deposes and says:

  1. I am an attorney duly licensed to practice law before the courts of the State of New York and the United States District Courts for the Western and Northern Districts of New York. My application for admission to the United States District Court for the Southern District of New York is pending before the Court. I am a member of the law firm of Hiscock & Barclay, LLP, attorneys for Plaintiff Millennium Pipeline Company, L.L.C. ("Millennium"). I am fully familiar with the facts and circumstances of this action and the statements made herein. The bases for statements made upon information and belief are my review of certain of Millennium's books and records and my discussions with representatives of Millennium.

  2. I submit this Affidavit in support of Millennium's motion for an injunction, pursuant to Federal Rules of Civil Procedure ("FRCP") 65(a), permitting Millennium to immediately enter upon certain real properties identified more fully below, as located within the District, and enjoining the owners of such properties and the other Defendants from interfering with such entry.

  3. As stated more fully in Millennium's accompanying Memorandum of Law, Millennium is the "holder of a certificate of public convenience and necessity," issued by the

Federal Energy Regulatory Commission ("FERC") pursuant to §7(c) of the Natural Gas Act ("NGA"), 15 USC §717f(c) ("NGA"), and thereby possesses the power of eminent domain pursuant to §7f(h) of the NGA, 15 USC §717f(h).

4. Millennium seeks to construct a natural gas pipeline measuring approximately 182 miles long and associated facilities, beginning at a new compressor station in Corning, New York, traversing the southern tier of New York through the counties of Steuben, Chemung, Tioga, Broome, Delaware, Sullivan, Orange and Rockland, and terminating at the existing Ramapo measuring and regulating station in Ramapo, New York (the "Project"). A majority of the Millennium pipeline will be located within or along the right-of-way of Columbia Gas Transmission Corporation's ("Columbia") existing Line A-5 pipeline, which the Millennium pipeline will replace.

5. By the underlying condemnation action, Millennium seeks to acquire temporary and/or permanent easements in the following properties in furtherance of the Project:

- Temporary easements in property owned by Defendant Breakaway Trails, Inc., known as 322 Sleepy Valley Road, Town of Warwick, County of Orange, New York, S.B.L. No. 31-1-17 (the "Breakaway Property");

- Permanent and temporary easements in property owned by Defendants George and Anna Burkert, known as (No Number) Distillery Road, Town of Warwick, County of Orange, New York, S.B.L. No. 29-1-21 (the "Burkert Property");

- Permanent and temporary easements in property owned by Defendants Adelia M. Masters, Michele Masters, William Gall and Leslie E. Smith, Jr., known as (No Number) Route 42, Town of Forestburg, County of Sullivan, New York, S.B.L. No. 39-1-11 (the "Masters Property");

- Permanent and temporary easements in property owned by Defendants Douglas and Lauren Patzlet, known as 65 Liberty Corners Road a/k/a 61 Liberty Corners Road, Town of Warwick, County of Orange, New York, S.B.L. No. 11-1-21.2 (the "Patzelt Property"); and

- Property owned by Swiss North American Properties-USA, LLC, known as (No Number) Route 17A, Town of Tuxedo, County of Orange, New York, S.B.L. No. 1-1-34.2 (the "Swiss Property").

The Breakaway Property, the Burkert Property, the Masters Property, the Patzelt Property and the Swiss Property are collectively referred to herein as the "Subject Property."

    6.    There is an **existing pipeline**, pursuant to existing easements, located at four of the five properties at issue in this action, and the proposed pipeline that Millennium seeks to construct in connection with the Project shall replace such existing pipeline and be located in the same location as the existing pipeline at these four parcels. At the time of pipeline construction, Millennium intends to remove the existing pipeline from such parcels, leaving only the new pipeline remaining thereat. More specifically, Millennium seeks the following easements for the Project:

- Breakaway Property: There is an existing pipeline located at this Property and the new Millennium pipeline will replace it. Millennium does not require any additional permanent easement at the Breakaway Property because the existing permanent easement that already burdens it is 50' wide. Accordingly, in this action, Millennium merely seeks temporary construction easements at the Breakaway Property.

- Burkert Property: There is an existing pipeline located at this Property and the new Millennium pipeline will replace it. The Burkert Property is currently burdened with a 25' wide permanent easement and Millennium seeks an additional 25' of permanent easement plus temporary construction easements.

- Masters Property: There is an existing pipeline located at this Property and the new Millennium pipeline will replace it. The Masters Property is currently burdened with a permanent easement, but the width of the easement is not specified in the easement agreement. Accordingly, Millennium seeks a 50' wide permanent easement (centered along the location of the existing/new pipeline) plus temporary construction easements.

- Patzelt Property: There is no existing pipeline or easement at the Patzelt Property. Accordingly, Millennium requires both permanent and temporary easements at such Property.

- Swiss Property: There is an existing pipeline located at this Property and the new Millennium pipeline will replace it. The Swiss Property is currently burdened with a 25' wide permanent easement and Millennium seeks an additional 25' of permanent

easement plus temporary construction easements, including a 25' wide temporary access road.

The locations of the existing and proposed easements are depicted on the tract maps attached as Exhibits 2-6 to Millennium's Complaint.

7. Millennium commenced this eminent domain action pursuant to FRCP 71A for an Order of Condemnation vesting Millennium with temporary and/or permanent easements in the Subject Property to enable Millennium to, *inter alia*, construct the proposed pipeline in furtherance of the Project. FRCP 71A does not authorize Millennium to enter upon the Subject Property until this Court determines the value of the damages to the Subject Property as caused by the easements. However, this Court possesses the discretion and power, pursuant to FRCP 65(a), to grant an Order providing Millennium with the right to immediately enter the Subject Property to effectuate the Project. *See* Millennium's Memorandum of Law, Point II. For the reasons that follow, the Court should grant Millennium's motion.

**The FERC Has Issued an Order Approving the Project**

8. On December 21, 2006, the FERC issued an Order amending the Certificate of Public Convenience and Necessity it had previously issued to Millennium in 2002 to construct and operate an earlier version of the Project (the "2006 FERC Order" or "Certificate"). A copy of the 2006 FERC Order is attached to Millennium's Complaint as Exhibit 1.

9. In issuing the 2006 FERC Order and approving the revised Project, the FERC determined the Project will serve the public convenience and necessity, as follows:

- By providing the northeast with access to gas supplies from hubs in Ontario, Canada and Chicago, Illinois;

- By increasing pipeline capacity in southeastern New York;

- By providing access to natural gas storage fields located in Western New York; and

- By addressing increased demands for natural gas in the New York City area, as required by the increasing demands of electric generating plants that are fueled primarily by natural gas. In this regard, the FERC also recognized that gas demand in the New York City metropolitan area is close to exceeding the capacity of the pipelines serving it and that market studies continue to indicate a growing demand for natural gas in such area.

Complaint, Exhibit 1, pp. 29-30.

10. The Certificate also includes a detailed analysis of the Project's proposed route and alternate routes, which includes crossing the Subject Property. Millennium submitted alignment sheets showing the route of the pipeline through each of the parcels that make up the Subject Property, and the FERC fully considered, evaluated and approved the proposed pipeline's crossing of the Subject Property.

11. On January 19, 2007, Millennium accepted the 2006 FERC Order.

**Millennium's Complaint is Valid in All respects and Should be Granted**

12. The Complaint clearly sets forth the authority for the taking, the use for which the temporary and/or permanent easements in the Subject Property are to be taken, the identity of the Subject Property and the persons with an interest in those portions of the Subject Property sought to be acquired as easements, and the Complaint otherwise complies with the FRCP 71A(c)'s pleading requirements and all other requirements in all respects.

13. Moreover and as previously stated, Millennium is properly proceeding before this Court pursuant to the NGA as a valid condemnor because it is a holder of the 2006 FERC Order.

**Millennium will Suffer Irreparable Harm if it is not Permitted to Immediately Enter Upon the Subject Property and the Balance of the Hardships Tips Decidedly in Millennium's Favor**

14. The granting of Millennium's Complaint will not, by itself, provide Millennium with the right to immediately enter the Subject Property. Rather, FRCP 71A provides for a

bifurcated process whereby the Court first makes a determination over the sufficiency of the Complaint and then makes a determination over the award of just compensation to be paid to the property owner and any other persons with an interest in the property to be acquired. The condemnor may enter upon the property following the condemnor's payment of the Court-determined just compensation.

15. Many important public projects, like Millennium's instant Project, however, are complex, involving many parcels of land, which would not be capable of being developed unless the condemnor were permitted to immediately enter upon the property. For this reason, a body of law has developed whereby the district courts have exercised their inherent equitable powers to authorize condemnors proceeding according to the NGA to immediately enter upon private property, pursuant to the injunction provisions of FRCP 65(a), for pipeline construction. This law is analyzed in Millennium's accompanying Memorandum of Law.

16. One property owner, by denying access to its land, could delay construction of the entire pipeline. The proposed Millennium pipeline measures approximately 182 miles long and shall extend through 1,478+/- properties located in eight counties across the southern tier of New York State. Notwithstanding the magnitude of the Project, the 2006 FERC Order provides that Millennium shall complete construction of the pipeline and have it in service by December 21, 2009. Complaint, Exhibit 1, p. 105.

17. Millennium plans to be in service by November 2008. In order to meet this deadline, and maintain service to customers presently serviced by the existing Columbia Line A-5 pipeline that the Millennium pipeline will replace, Millennium must sequence construction over the next two years, including the construction of a portion of the pipeline later this year. Indeed, construction must commence well before just compensation determinations are

concluded by the Court in order to meet Millennium's proposed in-service date and any delays or the inability to sequence construction will occasion great additional expense to Millennium and would undermine the Project and its important FERC-determined public purposes by jeopardizing Millennium's ability to timely complete it.

18. The construction of a pipeline the size of Millennium's proposed pipeline, which shall extend through almost 1,500 parcels over 182 miles, requires an enormous amount of coordination, organization and planning. Such construction is performed in an assembly-line fashion, where the construction crews methodically move along the route of the pipeline. One property owner, by denying access to his or her property, could delay construction of the entire pipeline, as it would be virtually impossible for Millennium and its contractors to have to skip properties along the 182 mile route and return to them at a later time. Millennium's ability to timely construct the pipeline will be gravely hindered – if not made to be impossible - in the event Millennium is required to skip construction at one or more of the four parcels that make up the Subject Property and return to them next year (or later) following the Court's determination of just compensation.

19. Millennium is required to enter upon the Masters Property on or about August 1, 2007 in order to complete pipeline construction at such Property between August 1 and September 15, 2007, in accordance with the 401 Water Quality Certificate, as modified, issued by the New York State Department of Environmental Conservation ("NYSDEC") on May 29, 2007. Such 401 Water Quality Certificate provides that Millennium shall "perform the crossing of the Mongaup River / Rio Reservoir ... to coincide with a reservoir draw-down period, between August 1 and September 15." 401 Water Quality Certificate, §J, p. 3; attached hereto as

Exhibit 1. The Masters Property is located within the area of the Mongaup River / Rio Reservoir.

20. Millennium is required to enter upon the Breakaway Property, the Burkert Property, the Patzelt Property and the Swiss Property commencing on or about October 1, 2007, to clear trees and otherwise clear the easement corridor and prepare it for pipeline construction, which is scheduled to commence in early 2008.

21. Millennium will deposit funds with the Court in amounts determined by the Court for the benefit of the owners of the Subject Property and anyone else that possesses an interest in those portions of the Subject Property to be burdened by the easements. Millennium has retained outside appraisal consultants, and while they have not yet prepared formal appraisals of the Subject property, they have determined the potential damages to the five parcels that make up such Subject Property as a result of the necessary easements to be in the following amounts: $13,000 for the Breakaway Property; $14,000 for the Burkert Property; $15,000 for the Masters Property; $37,000 for the Patzelt Property and $16,900 for the Swiss Property.

22. Millennium is relying on the ability to immediately enter the Subject Property to facilitate pipeline construction in a safe, timely and cost-efficient manner, in accordance with a schedule that will maintain uninterrupted gas service to the existing Line A-5 customers and in accordance with the NYSDEC's 401 Water Quality Certificate, as modified on May 29, 2007. Millennium's ability to immediately enter such Subject Property is critically important to ensuring that construction is timely completed, and the respective owners of the parcels that make up the Subject Property and the other Defendants will be protected by the security that Millennium will post in amounts to be determined by the Court.

23.    The balance of the equities tips decidedly in Millennium's favor because the law is well settled that a property owner is fully protected where the condemnor deposits funds prior to immediately entering his or her property in an amount determined by the court. *See* Memorandum of Law, Point II(B)(3).

24.    For the reasons stated above, by the instant motion Millennium simply seeks to move up the acquisition of the easements in the Subject Property that are the object of the underlying action, which acquisition is expressly authorized by the FERC's delegation of the power of eminent domain to Millennium through the Natural Gas Act. *See* Memorandum of Law, Point I.

**Millennium Has Negotiated with the Owners of the Subject Property in Good Faith**

25.    For the past few years and continuing through the filing of the Complaint, Millennium has negotiated in good faith with Defendants Breakaway Trails, Inc., George and Anna Burkert, Douglas and Lauren Patzelt and Swiss North American Properties–USA, LLC (or their predecessors in title) to attempt to purchase the required easements from them. These efforts have included the following: (i) multiple telephone conferences with all of the Defendants/property owners or their representatives to explain the Project, its location and its impact on the respective parcels that make up the Subject Property; (ii) at least one in-person meeting with Breakaway Trails, Inc.'s Vice President and Douglas and Lauren Patzelt. Mr. and Mrs. Burkert refused to meet with Millennium. Leslie Smith emerged as the spokesperson for the several persons (including himself) that he own the Masters Property together, and he refused to meet with Millennium. Millennium did not seek to meet with representatives from Defendant Swiss North American Properties–USA, LLC because Millennium's offices are located in New York and Swiss' offices are located in North Carolina. However, representatives of Millennium

had multiple telephone conferences with Swiss' attorney; (iii) Millennium mailed the Defendants/property owners proposed easement agreements and maps showing the locations of the required easement(s); (iv) Millennium retained appraisal consultants to appraise the potential damages to each of the parcels that make up the Subject Property anticipated to be caused by the Project easement(s); and (v) Millennium made offers to purchase such easement(s), including its most recent offers made on April 26, 2007 (to Defendants Breakaway Trails, Inc., George and Anna Burkert and Douglas and Lauren Patzelt), on May 8, 2007 (to Defendant Swiss North American Properties–USA, LLC) and on June 18 (to Defendants Adelia M. Masters, Michele Masters, William Gall and Leslie E. Smith, Jr.), which, with respect to all parcels, were for amounts in excess of the appraised values.

26.  Millennium is merely seeking the right to move up its ability to enter upon the Subject Property to ensure that the pipeline, which measures approximately 182 miles long, is timely and safely constructed. Millennium will fully protect the owners of the Subject Property and the other Defendants by posting security in amounts to be determined by the Court, but which Millennium submits should be in the amounts of $13,000 (for the Breakaway Property); $14,000 (for the Burkert Property); $15,000 (for the Masters Property); $37,000 (for the Patzelt Property); and $16,900 for the Swiss Property, which are the amounts determined by Millennium's real property appraisal consultants.

**WHEREFORE,** deponent respectfully prays for this Court to grant an Order authorizing Millennium to immediately enter upon each of the Breakaway Property, the Burkert Property, the Masters Property, the Patzelt Property and the Swiss Property for all purposes related to the construction of the pipeline; enjoining Defendants and their employees, agents, contractors and

all other representatives from interfering with such entry; and granting to Millennium such other and further relief as the Court deems fair and proper.

/s/ Darryl J. Colosi
DARRYL J. COLOSI
Bar Roll No. DC2929*

Subscribed and sworn to before me
this 18th day of June, 2007.

/s/ Lisa M. Shaver
Notary Public

LISA M. SHAVER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Oct. 19, 2009

*Application for admission to the United States District Court for the Southern District of New York pending; swearing-in ceremony scheduled for June 26, 2007.