UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 Civ. 5815 (MDF)

Millennium Pipeline Company, L.L.C.,

Plaintiff

Assigned Judge
Hon. Mark D. Fox
US Magistrate J.D.C.

-against-

Certain Temporary Easements in 322 Sleepy Valley Road, Town of Warwick, Orange County, new York, S.B.L. No. 31-1-17, Breakaway Trails, Inc., John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Distillery Road, Town of Warwick, Orange County, New York, S.B.L. No. 29-1-21, George Burkert and Anna Burkert, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Route 42, Town of Forestburg, Sullivan County, New York, S.B.L. No. 39-1-11, Adelia M. Masters, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in 65 Liberty Corners Road, a/k/a 61 Liberty Corners Road, Town of Warwick, Orange County, New York, S.B.L. No. 11-1-21.2, Douglas A. Patzelt and Lauren Patzelt, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Route 17A, Town of Tuxedo, Orange County, New York, S.B.L. No. 1-1-34.2, Swiss North American Properties-USA, LLC, John Doe, et al., and Unknown Owners,

Defendants.

# MEMORANDUM OF LAW BY BREAKAWAY TRAILS IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Law Offices of Neal D. Frishberg
Attorneys for Breakaway Properties, LLC

by: *[signature]*
Neal D. Frishberg (NDF 2682)
One Harriman Square
P.O. Box 124
Goshen, NY 10924
Tel: 845-294-8634
Fax: 845-294-7889

Neal D. Frishberg, Esq. (NDF 2682)
Law Offices of Neal D. Frishberg
Attorneys for Breakaway Trails, Inc.
One Harriman Square
P.O. Box 124
Goshen, NY 10924
Tel - 845-294-8634
Fax - 845-294-7889

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Millennium Pipeline Company, L.L.C.,
                                    Plaintiff

07 Civ. 5815 (MDF)

Assigned Judge:
Hon. Mark D. Fox,
US Magistrate JSD

-against-

Certain Temporary Easements in 322 Sleepy Valley Road, Town of Warwick, Orange County, new York, S.B.L. No. 31-1-17, Breakaway Trails, Inc., John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Distillery Road, Town of Warwick, Orange County, New York, S.B.L. No. 29-1-21, George Burkert and Anna Burkert, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Route 42, Town of Forestburg, Sullivan County, New York, S.B.L. No. 39-1-11, Adelia M. Masters, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in 65 Liberty Corners Road, a/k/a 61 Liberty Corners Road, Town of Warwick, Orange County, New York, S.B.L. No. 11-1-21.2, Douglas A. Patzelt and Lauren Patzelt, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Route 17A, Town of Tuxedo, Orange County, New York, S.B.L. No. 1-1-34.2, Swiss North American Properties-USA, LLC, John Doe, et al., and Unknown Owners,

                                    Defendants.

### MEMORANDUM OF LAW BY BREAKAWAY TRAILS IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

### PRELIMINARY STATEMENT

By this motion, a gas company - Millennium Pipeline Company, LLC ("Millennium) - seeks a preliminary injunction prohibiting a land owner/developer, Breakaway Trails Inc. ("Breakaway"), from interfering with replacement of approximately 2,600 feet of pipe that does not need to be replaced until October 1, 2007.

As demonstrated below, the motion by Plaintiff Millennium for a preliminary injunction against Breakaway should be denied for the following reasons:

1. The motion is premature because there is no Order of Condemnation permitting Millennium Pipeline to take the land belonging to Breakaway Trails;

2. Millennium Pipeline has not demonstrated it will suffer imminent irreparable harm; and

3. Breakaway Trails has not been adequately compensated by Millennium Pipeline.

### STATEMENT OF FACTS

Defendant Breakaway owns a 15-lot subdivision in Warwick, New York that it had purchased in 1994 for about $600,000. The subdivision, consisting of 80 acres, has an average lot size of three to four acres. Breakaway will build 15 single-family homes on the property. Each lot is worth about $400,000. Each house will cost about $800,000. Each lot and its improvements will sell for about $1.8 million.

Millennium's 2,600 foot easement adversely affects lots 7, 8, 9 and 10. On each lot, the construction will take place in front of the prospective house to be built. Construction will last approximately 2 years. Millennium seeks to use approximately 25 feet on the south side of the

easement.

Under Millennium's theory, it should be able to work on each lot for approximately two years without adequately compensating Breakaway for the use of the same. Breakaway's damages include, but are not limited to:

1. The destruction of a portion of the property including the removal of mature trees;

2. Delaying Breakaway's ability to sell at least 4 houses because no potential buyer will purchase a home with the understanding that during the first two years of ownership there will be bulldozers and other heavy equipment working on that person's property with impunity; and

3. Breakaway's lost income for a continuous period of two years based on the sale of four homes at $1.8 million each. Assuming *arguendo*, Breakaway could invest the money with a modest 5 percent return, its damages would be approximately $360,000.00 per year or $720,000.00. Yet Millennium takes the position that they need only compensate Breakaway for only $13,000.00.

## POINT I

### MILLENNIUM, AS A PUTATIVE CONDEMNOR, HAS NOT SATISFIED THE CRITERIA TO OBTAIN A PRELIMINARY INJUNCTION

To obtain a preliminary injunction, Millennium, as a putative condemnor, must demonstrate:

1. There is an Order of Condemnation permitting Millennium the Breakaway land; and

2. Millennium will suffer imminent irreparable harm.

A.

### Millennium Does Not Have an Order of Condemnation, a Condition Precedent to Obtaining a Preliminary Injunction.

Although Millennium received a Certificate of Public Convenience and Necessity ("Certificate") from the Federal Energy Regulatory Commission ("FERC"), it does not have an order from a district court confirming its right to condemn Breakaway's land. Without that order, Millennium cannot receive a preliminary injunction granting it immediate access to Breakaway's property.

Prior to the issuance of a preliminary injunction, the condemnor must demonstrate it has a substantive entitlement to immediate possession of the land through the issuance of an order of condemnation from a District Court. *Northern Border Pipeline Company v. 86.72 Acres of Land,* 144 F3d 469 [7th Cir. 1998]. Without such an order, the condemnor - here Millennium - is not entitled to the Preliminary Injunction.

The facts and legal conclusions in *Northern Border Pipeline* illustrate the fallacy of Millennium's argument concerning its entitlement to a preliminary injunction permitting it to do work on Breakaway's land without an Order of Condemnation. In *Northern Border Pipeline*, the gas pipeline company had commenced an eminent domain action to acquire land necessary to extend its pipeline, pursuant to a FERC Certificate. The District Court judge denied the gas company's motion for preliminary possession of the landowner's property. The gas company appealed and the Circuit Court, in affirming the District Court's order, held the district court lacked authority to enter an equitable preliminary injunction ordering the landowner to grant the gas company immediate possession of the land. The Seventh Circuit explained the flaw in the gas pipeline's reasoning as follows:

> On appeal, Northern Border does not contest the district court's

>conclusion that its claim to immediate possession has no basis in substantive federal or state law. The company concedes that the Natural Gas Act does not create an entitlement to immediate possession of the land. Despite this lack of substantive entitlement, however, Northern Border asserts that the district court should have exercised its equitable power to enter a preliminary injunction ordering the defendants to grant the company immediate possession. Although at least one district court has entered such an injunction in a factually similar case, *see Northern Border Pipeline v. 127.79 Acres of Land*, 520 F.Supp. 170 (D.N.D.1981) Northern Border's argument misapprehends the relief available in preliminary injunction proceedings. A preliminary injunction may issue only when the moving party has a substantive entitlement to the relief sought. Because it disavows any claim that it has a substantive entitlement to the defendants' land *right now*, rather than an entitlement that will arise at the conclusion of the normal eminent domain process, Northern Border is not eligible for the relief it seeks.

The rationale for the above ruling was explained in *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land,* 210 F.Supp2d 976, 979 [ND Ill. Eastern Division 2002], stating that without confirmation of the right to condemn from an order of a district court, it is inappropriate for a court to award a preliminary injunction. It is akin to granting the condemnor access to land before the condemnor has the right to do so:

>We understand *Northern Border Pipeline v. 86.72 Acres of Land,* 144 F.3d 469 (7th Cir.1998), to require that preliminary injunction standards be met before immediate possession is permitted. Thus, it would be inappropriate to permit that possession prior to an order of condemnation, *Humphries v. Williams Natural Gas Co.,* 48 F.Supp.2d 1276, 1279 (D.Kan.1999), or without a showing of immediate need for possession, *National Fuel Gas Supply Corp. v. 138 Acres of Land,* 84 F.Supp.2d 405, 416 (W.D.N.Y.2000).

Here, Millennium tacitly concedes it does not have an Order of Condemnation because it is seeking the same in this proceeding pursuant to FRCP 71A. As such, Millennium, like *Northern Border Pipeline* and *Guardian Pipeline*, does not have a preexisting entitlement to the land it seeks to use. Without this preexisting entitlement through the issuance of an Order of

Condemnation, Millennium, as a matter of law, is not entitled to the immediate relief of a preliminary injunction.

To the extent Millennium argues the FERC Certificate is sufficient because it gives Millennium the right of eminent domain, that determination is not enough. The authority to take immediate possession cannot be implied in the granting of the right of eminent domain. *Humphries v. Williams Natural Gas Company* 48 F.Supp.2d 1276 [D. Kan.1999]. *See also, East Tennessee Natural Gas Company v. Sage* 361 F.3d 808 [4th Cir. 2004] ( "The Natural Gas Act 15 U.S.C. § 717f(h), gives a gas company the power to acquire property by eminent domain, but the Act does not provide for immediate possession, that is, possession before just compensation is determined and paid in a condemnation action.")

**B.**

**Millennium will not suffer actual and imminent irreparable harm.**

Imminent irreparable harm is one of the cornerstones upon which a preliminary injunction is based. The proponent must demonstrate, *inter alia*, that it will suffer irreparable harm if not granted immediate access to landowner's property. *Kamerling v. Massanari* 295 F.3d 206, 214 [C.A.2(Conn.) 2002] (". . . irreparable harm must be shown to be actual and imminent, not remote or speculative."). Millennium, however, does not yet require immediate access to Breakaway's property. Without such a need, Millennium will not suffer irreparable harm that is actual and imminent if it is not granted immediate access to Breakaway's property.

Millennium's time-line belies the immediacy of the relief it seeks. It does not need to complete the project pursuant to the FERC Certificate until December 21, 2009. [FERC Certificate, page 105]. It does not need to access Breakaway's property until October 1, 2007 in

order to clear trees and other obstructions in the so called "easement corridor." [Colosi Aff. ¶ 20].

No such urgency is present and no restrictions are placed upon Millennium by not having immediate access to Breakaway's property. No work is scheduled on Breakaway's property until "on or about October 1, 2007" giving Millennium more than three months for just compensation procedures before it needs access. A scenario that, under these circumstances, does not demonstrate immediate irreparable harm.

In this regard, Millennium's cases are inapposite. Preliminary Injunctions have been granted to gas companies provided they have met all the requirements for the same. In such cases, the courts have determined irreparable harm will occur when the project would suffer an undue delay resulting in significant financial harm to the gas company. Preliminary injunctions have been granted when the gas company could not comply with the FERC Certificate deadline without the issuance of a preliminary injunction. *East Tennessee Natural Gas Company v. Sage* 361 F.3d 808 [4th Cir. 2004]

In the present case, however, Millennium will not suffer undue delay resulting in significant financial harm. Breakaway's property is not needed until October 1, 2007. In addition, the FERC Certificate, issued December 21, 2006, places a three year time period for completion upon Millennium (Certificate Pg. 105 ¶ DD). Thus, the completion deadline for Millennium is December 21, 2009. Millennium has instead self-created a sense of urgency because it would like to be operational by November 2008 (Colosi Aff. ¶17). With a FERC Certificate deadline of December 21, 2009, more than a year after the estimated date of completion, there is no looming threat of undue delay leading to significant harm. By not having immediate access Millennium cannot claim they will suffer irreparable harm. Without the

suffering of irreparable harm, Millennium fails to meet all the standards necessary to be granted a preliminary injunction and for this reason alone, the motion should be denied.

## POINT II

### THE PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE BREAKAWAY IS NOT BEING ADEQUATELY COMPENSATED OR PROTECTED.

It is a fundamental right that the owner of property taken for the public good receives just compensation. Here, FERC granted Millennium the power of eminent domain. Despite this limitation, Millennium seeks immediate access to Breakaway's property prior to the just compensation proceedings. Offering only to obtain a bond for $13,000, Millennium offers Breakaway a modicum of protection. (Colosi Aff. ¶ 21)  Breakaway's property will be subsequently damaged for far more than that amount. The Breakaway property is composed of fifteen lots and the work done will result in a loss of more than $7,200,000 because Breakaway will be unable to sell four $1.8 million homes for two years. The $13,000 is inadequate.

Breakaway has invested $1,000,000 and plans to use an additional $1,000,000 in constructing the houses. Each lot is worth approximately $400,000 while the expected cost of each house to be built is $800,000. When finished, the lots will sell for $1,800,000. However the construction of this new pipeline will prevent the sale of the homes on lots 7, 8, 9, and 10. For the expected two years Millennium will be working, the sale of these four lots will be impossible. No buyer with a modicum of common sense would purchase such a lot with the knowledge that heavy machinery and equipment will be tearing up his yard for two years. Therefore, Millennium's construction will virtually prohibit Breakaway from selling these lots for two years, incurring damages including but not limited to the loss of trees and the opportunity cost of selling

these four lots.

Millennium seemingly wishes to do just these things without compensating Breakaway adequately. For construction on four lots, expected to sell for $1,800,000 each, Millennium has offered to post a $13,000 bond. This does not fairly or adequately compensate Breakaway.

## Conclusion

In this action Millennium is seeking to "jump the gun" by gaining access to the land without an order of condemnation or compensating the property owner, i.e Breakaway, justly. Millennium cannot be granted a preliminary injunction to gain access immediately to Breakaway's property. It lacks the required Order of Condemnation and just compensation must be determined prior to Millennium receiving access to Breakaway's property.

Dated: July 12, 2007

                                        Law Offices of Neal D. Frishberg
                                      Attorneys for Breakaway Properties

                                      by: _____
                                      Neal D. Frishberg (NDF 2682)
                                      One Harriman Square
                                      P.O. Box 124
                                      Goshen, NY 10924
                                      Tel: 845-294-8634
                                      Fax: 845-294-7889

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Millennium Pipeline Company, L.L.C.,

           Plaintiff

-against-

Certain Temporary Easements in 322 Sleepy Valley Road, Town of Warwick, Orange County, new York, S.B.L. No. 31-1-17, Breakaway Trails, Inc., John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Distillery Road, Town of Warwick, Orange County, New York, S.B.L. No. 29-1-21, George Burkert and Anna Burkert, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Route 42, Town of Forestburg, Sullivan County, New York, S.B.L. No. 39-1-11, Adelia M. Masters, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in 65 Liberty Corners Road, a/k/a 61 Liberty Corners Road, Town of Warwick, Orange County, New York, S.B.L. No. 11-1-21.2, Douglas A. Patzelt and Lauren Patzelt, John Doe, et al., and Unknown Owners,

And

Certain Permanent and Temporary Easements in (No Number) Route 17A, Town of Tuxedo, Orange County, New York, S.B.L. No. 1-1-34.2, Swiss North American Properties-USA, LLC, John Doe, et al., and Unknown Owners,

           Defendants.

07 Civ. 5815

Assigned Judge:
Hon. Mark D. Fox
US Magistrate JSD

**Affidavit of Service**

State of New York  )
                   S.S.
County of Orange   )

    Brian Herman being duly sworn deposes and says: that I am not a party to this action, am over 18 years of age and reside in Monroe, New York; that on **July 12, 2007** I served the within **Memorandum of Law** by transmitting the papers by electronic means to the telephone of the attorneys set forth on **Schedule A** which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received, and at the addresses designated by each person for that purpose by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper, prior to the latest time designated by that service for regular delivery.

                                                 Brian Herman

Sworn to before me
on July 12, 2007

Neal D. Frishberg
Notary Public, State of New York
No. 02FR4839643
Qualified in Orange County
Commission Expires on May 31, 2011

## Schedule A

Darryl J. Colosi, Esq.
Hiscock & Barclay, LLP
Standard Oil Building
26 Broadway
24th Floor
New York, NY 10004-1840